[No. H001678. Sixth Dist. May 20, 1986.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF MONTEREY COUNTY, Respondent;
NICHOLAS T. CALAMARAS et al., Real Parties in Interest.

## COUNSEL

John K. Van de Kamp, Attorney General, Laurence K. Sullivan and Josanna Berkow, Deputy Attorneys General, for Petitioner.

No appearance for Respondent.

Michael Lawrence, Public Defender, Arthur M. Kaufman, Deputy Public Defender, Mel Grimes, Jr., and Steve A. Slatkow for Real Parties in Interest.

## OPINION

AGLIANO, P. J.—Sheriff's officers with a search warrant seized a total of nearly half a ton of marijuana plants from three distinct garden plots on a single parcel of real property, saved samples undifferentiated as to garden plot, and destroyed the rest of the marijuana. Three residents of the parcel were accused by information of cultivation of marijuana and possession of marijuana for sale; one of the three was also accused of a misdemeanor not directly related to the growing plants. The defendants moved to set aside the information on the ground (among others) that the magistrate should have granted a motion to suppress evidence of the destroyed marijuana plants because the sheriff had not complied with Health and Safety Code section 11479. Respondent superior court granted the motion on the basis of its perception that the sheriff had not preserved a "representative sample" of the marijuana plants as required by section 11479. On the People's petition for a writ of mandate, we conclude that the magistrate was not required to suppress the evidence: Whether or not the undifferentiated sample was sufficiently "representative," it does not appear that the marijuana the sheriff destroyed had "an exculpatory value that was apparent before the evidence was destroyed." (*California* v. *Trombetta* (1984) 467 U.S. 479, 489 [81 L.Ed.2d 413, 422, 104 S.Ct. 2528, 2534].)

At the time the marijuana plants were destroyed, section 11479 authorized destruction of that amount of seized controlled substances in excess of 10 pounds in gross weight without a court order, but only if all of several requirements were satisfied. The first enumerated requirement was that "[a]t least five random and representative samples have been taken, for evidentiary purposes, from the total amount of suspected controlled substances to be destroyed." (Health & Saf. Code, § 11479, subd. (a).)

From testimony at preliminary examination, it appears that the officers who executed the search warrant recognized considerable differences in appearance among the marijuana plants in the three garden plots, but that after cutting the plants the officers simply heaped all of the marijuana together. Then, according to the officer who took the samples, "I selected just from the pile plants that are down here, which were more or less representative in nature of the harvest in that they were marijuana and they were part of the harvest. I selected or picked out those plants, set them aside to be tagged and preserved, and then from those plants, plus all the remainder, I went through and pulled five samples which I placed in a bag for laboratory analysis. [¶] [] [¶] . . . I wanted more than one plant, a lot of these plants were well over 12-foot [*sic*], so I took a couple of plants, or two or three, whatever it is there, from the pile without any rhyme or reason, just that they were there." The officer was unable, at preliminary examination, to identify any given sample with any particular garden plot, or to say with assurance that there were samples from all of the three garden plots. The rest of the marijuana was hauled away, stored briefly, and then destroyed.

At preliminary examination, in the course of ruling on the defendants' motion to suppress evidence, the magistrate expressed concern as to whether a representative sample had been taken but concluded that on the evidence of record there had been sufficient compliance with section 11479.

Respondent court disagreed, concluding that "random samples were seized and preserved but not representative samples"; it struck the charge of possession of marijuana for sale from the information.

■ The People appealed (Pen. Code, § 1238, subd. (a)(1)) and also filed this writ petition. The defendants argue that to permit writ relief in these circumstances would improperly expand the People's limited statutory review right, but we are satisfied that the writ petition is permissible (*People v. Superior Court (Engert)* (1982) 31 Cal.3d 797, 800 [183 Cal.Rptr. 800, 647 P.2d 76]) and that writ review is appropriate in this case. The defendants argue that the petition, filed more than 15 days after respondent court made its order, is untimely under Penal Code section 999a. In terms section 999a applies only to *denial* of a motion to set aside an information, and under

the case law it applies only to a motion predicated on asserted insufficiency of the evidence (*Ondarza* v. *Superior Court* (1980) 106 Cal.App.3d 195, 200 [164 Cal.Rptr. 892]); the section's 15-day limitation does not apply to this petition, which was in fact filed 22 days after the order complained of. As a final procedural point, the defendants contend that because the purpose of the People's petition is to ascertain the admissibility of the evidence for purposes of a diversion hearing which has not yet been conducted, the petition is premature. We view the petition more broadly, as the People's procedurally proper attempt to vindicate the information they originally filed; we reject the defendants' contention.

On the merits, the defendants argue that section 11479 must be strictly construed and applied, that by this test the People did not comply, and that the appropriate sanction was suppression of the evidence at preliminary examination.

On the basis of the essentially uncontradicted evidence before the magistrate (cf. *People* v. *Laiwa* (1983) 34 Cal.3d 711, 718-719 [195 Cal.Rptr. 503, 669 P.2d 1278]), we are inclined to the view that the sheriff's officers substantially complied with section 11479's requirement that they take a representative sample. There appears to have been no dispute at preliminary examination that everything the officers identified as marijuana—nearly half a ton of it—was in fact marijuana, all uniformly subject to the controlled-substance provisions of the Health and Safety Code. We are not wholly persuaded that horticultural distinctions among the products of the three garden plots would necessarily be relevant to the selection of "representative samples" under section 11479.

But for purposes of this proceeding we need not resolve the section 11479 issue. Even were we to assume that the sheriff had not complied with section 11479, we would conclude that suppression of evidence, in other forms, of the marijuana thus destroyed is not required in this case.

It has been established in California that the People have a duty "to undertake reasonable efforts to preserve . . . material evidence," and that where it appears that material evidence once in the possession of a governmental agency had been lost or destroyed the People may be required, in order to avoid suppression of evidence or other sanctions, to show that the agency had "established, enforced and attempted in good faith to adhere to rigorous and systematic procedures" to preserve such evidence. (*People* v. *Hitch* (1974) 12 Cal.3d 641, 650, 652-653 [117 Cal.Rptr. 9, 527 P.2d 361]; cf. *People* v. *Nation* (1980) 26 Cal.3d 169, 175 [161 Cal.Rptr. 299, 604 P.2d 1051].) Section 11479 may be deemed, in relevant effect, a statutory exception to these rules. (*People* v. *Tolhurst* (1982) 139

Cal.App.3d 1, 6 [188 Cal.Rptr. 474].) If controlled-substance evidence is intentionally destroyed the People will of course be unable to assert that they have attempted to preserve it; if the destruction, no matter how well intentioned, is effected without compliance with section 11479, the People's only remaining basis for avoiding sanctions will be an argument that in any event the evidence would not have been *material.* (Cf. *People* v. *O'Hearn* (1983) 142 Cal.App.3d 566, 569-571 [191 Cal.Rptr. 481].)

The California courts have recognized the difficulties of showing materiality after the evidence has been destroyed. To solve the problem, the cases established a rule that destroyed evidence "will be deemed material . . . if there is a reasonable possibility that it would be favorable to the defendant on the issue of guilt or innocence." (*People* v. *Nation, supra,* 26 Cal.3d 169, 176; *People* v. *Hitch, supra,* 12 Cal.3d 641, 649.) The defendants argue that such a reasonable possibility exists in this case: Although they are somewhat nonspecific, it appears that they would suggest that differences in the quality of marijuana from one plot to another may give rise to differing levels of culpability among them: "[T]he issues of dominion and control as well as personal use make the statutory requirement of 'representative' samples extremely important. [¶] [] [¶] . . . The nature and quality of usable marijuana can be material and vitally important in a multiple defendant, multiple garden case if it is possible that any of the gardens would yield a personal-use amount."

◼ The People argue that this hypothesis is insufficient to establish materiality even under the California standard, but the dispositive consideration is that the People are no longer required to meet that standard. In light of the so-called "truth-in-evidence" provision added to our constitution by Proposition 8 (Cal. Const., art. I, § 28, subd. (d); cf. *People* v. *Tierce* (1985) 165 Cal.App.3d 256, 263 [211 Cal.Rptr. 325]), suppression of evidence on the basis of the prosecution's failure to preserve underlying physical evidence should be ordered only if required as a matter of federal constitutional law. The recently explicated federal standard is substantially different from that stated in the earlier California cases: "Whatever duty the Constitution imposes on the States to preserve evidence, that duty must be limited to evidence that might be expected to play a significant role in the suspect's defense. To meet this standard of constitutional materiality, [citation], evidence must both possess an exculpatory value that was apparent before the evidence was destroyed, and also be of such a nature that the defendant would be unable to obtain comparable evidence by other reasonably available means." (*California* v. *Trombetta, supra,* 467 U.S. 479, 488-489 [81 L.Ed.2d 413, 422, 104 S.Ct. 2528, 2534].)

Whether or not the destroyed marijuana would have been material under the earlier California standard, it is clear to us that it does not meet the

federal constitutional standard of materiality. The magistrate need not have suppressed the evidence. Manifestly the evidence before the magistrate was sufficient to sustain a holding order as to possession of marijuana for sale. The motion to set aside the information should have been denied in its entirety.

The procedural requirements for a peremptory writ in the first instance have been met. (*Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 177-183 [203 Cal.Rptr. 626, 681 P.2d 893].)

Let a peremptory writ of mandate issue directing respondent Monterey County Superior Court to vacate its February 4, 1986 order in action CR 11606, People v. Robinson et al., striking count II of the information therein, and to enter a new order denying in its entirety the motion to set aside the information. The stay of all proceedings heretofore ordered herein shall be dissolved upon issuance of the peremptory writ.

Brauer, J., and Phillips, J.,* concurred.

---

*Assigned by the Chairperson of the Judicial Council.